UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Damarcus Brown, | ) | CASE NO. 5:23 CV 1605 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Adam Guilmette, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**I. Background**

*Pro se* Plaintiff Damarcus Brown, a federal prisoner, brings this *in forma pauperis* civil rights action against the Akron Police Department and Akron Police Officers Adam Guilmette and Corey Mook. In three separate complaints (Doc. Nos. 1, 1-1, and 1-2), Plaintiff alleges that Defendants discriminated against him because he is an African American male and violated his rights under Fourth, Fifth, and Fourteenth Amendments by conducting a traffic stop and search of his person and vehicle in May 2021. He contends he was unlawfully stopped, searched, and arrested, and that the unlawful stop and search "led to the officers making false and fabricated evidence for probable cause." (Doc. No. 1 at 5, ¶ III.) He seeks damages and that Defendants be enjoined from "using this type [of] actions." (Doc. No. 1 at 4, ¶ IV.)

Although Plaintiff does not make reference to his federal criminal conviction in his complaint, this Court's public docket indicates that Plaintiff was convicted in this district in August 2023 on federal drug and firearm charges after a guilty plea. *See United States v. Brown*, No. 5: 21 CR 522 (N.D. Ohio) (Polster, J.). It is apparent from the docket in Plaintiff's criminal case that

1

the search of Plaintiff's person and vehicle of which he complains in this case yielded the evidence that provided probable cause for his federal prosecution and the basis for his conviction. Plaintiff pled guilty in his federal criminal case after the trial court denied his motion to suppress the evidence found on his person and in his vehicle on the basis of the Fourth Amendment. (*See id.* at Docket Nos. 30, 31 and 33.)

## II. Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the lenient treatment generally accorded *pro se* plaintiffs "has limits," and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

## III. Discussion

Upon review, the Court finds that Plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B).

Although Plaintiff indicates he brings his federal civil rights claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), he sues only state actors; therefore, he has no plausible claim under *Bivens*, which applies to federal defendants. *See Hall v. Creech*, 17 Fed. Appx. 270 (6th Cir. 2001) (plaintiffs did not raise a viable *Bivens* claim where they did not allege that any of defendants were federal agents or employees who had acted under color of federal law).

Further, Plaintiff has alleged no cognizable claim for relief under § 1983.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-87.

Under *Heck*'s favorable termination rule, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," a court must dismiss the claim "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

Plaintiff's civil rights claims here all imply the invalidity of his federal conviction. But he has not alleged or demonstrated that his federal conviction has been invalidated or called into

question in any of the ways articulated in *Heck*.[1] Accordingly, *Heck* bars his claims. *See, e.g.*, *Holson v. Good*, 579 Fed. Appx. 363, 365 (6th Cir. 2014) (*Heck* bars Fourth Amendment claims where the contested search produced all the evidence supporting the conviction); *Corley v. Vance*, 365 F. Supp.3d 407, 425–26 (S.D.N.Y. 2019) (*Heck* precluded a plaintiff's § 1983 claims against a city police department and county district attorney's office arising from the investigation, arrest, and prosecution of plaintiff on earlier state charges that were dismissed and subsequently subsumed by a federal case, which did not result in favorable termination).

Furthermore, an individual's criminal conviction conclusively establishes the existence of probable cause for his arrest for the purposes of a § 1983 action. *See Corley*, 365 F.Supp.3d at 444 (quotation marks and citation omitted). Plaintiff was convicted of federal charges brought against him as result of the evidence derived from his stop and search, and his conviction has not been overturned or invalidated. Thus, there was presumptively probable case for his arrest.

Finally, plaintiff's complaint against the Akron Police Department for the additional reason that police departments are not *sui juris*, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Wagner v. City of Canton*, No. 5:19-cv-377, 2020 WL 1514551, at *1 n.2 (N.D. Ohio Mar. 30, 2020) (finding that Canton Police Department is not *sui juris*). Municipalities may be held liable under § 1983 only "when execution of [the municipality's own] policy or custom, whether made by its lawmakers or by those whose edicts

---

[1] The docket in Plaintiff's criminal case indicates that he has appealed from the trial court's denial of his motion to suppress, but the Sixth Circuit has not reversed or overturned that ruling or Plaintiff's federal criminal conviction and sentence.

or acts may fairly be said to represent official policy, inflicts [an] injury that the government as an entity is responsible [for] under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff asserts, in unclear and purely conclusory terms, that the Akron Police Department "failed to train their officers adequately," apparently because the state traffic offenses for which he was initially cited were later dismissed. (Doc. No. 1 at 8, ¶ III (4).) But in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Plaintiff's pleadings fail to meet these legal benchmarks as to a municipal policy of the City of Akron. They do not describe plausible constitutional infractions caused by a constitutionally infirm municipal policy of inadequate training of the City of Akron itself. Accordingly, Plaintiff's claims against the "Akron Police Department" fail for these reasons as well.

## Conclusion

For the foregoing reasons, Plaintiff's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: December 18, 2023  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2]In light of this dismissal before service pursuant to § 1915(e)(2)(B), the pending motion of a City of Akron attorney to withdraw (Doc. No. 5) is denied as moot.